# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **LISA COOLEY,** } | |
| } | |
| **Plaintiff,** } | |
| } | **CASE NO. 4:12-CV-2719-SLB** |
| v. } | |
| } | |
| **CAROLYN W. COLVIN,**[1] } | |
| **Commissioner, Social** } | |
| **Security Administration,** } | |
| } | |
| **Defendant.** } | |

## MEMORANDUM OPINION

Plaintiff Lisa Cooley ("Plaintiff") brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of a decision of the Commissioner of Social Security ("Commissioner") denying her application for a period of disability and disability insurance benefits ["DIB"]. (Doc. 1.)[2] Upon review of the record, the submissions of the parties, and the relevant law, the court is of the opinion that the Commissioner's decision is due to be affirmed.

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Acting Commissioner Carolyn W. Colvin should be substituted for Commissioner Michael J. Astrue as the defendant in this suit. ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

[2] Reference to a document number, ["Doc.__"], refers to the number assigned to each document as it is filed in the court's record.

## I. <u>PROCEDURAL HISTORY</u>

Plaintiff initially filed for a period of disability and DIB on July 20, 2009, alleging an onset date of December 12, 2005. (Doc. 5-4 at 3.) The claim was denied on September 29, 2009. (Doc. 5-5 at 2.) Plaintiff requested a hearing before an administrative law judge ["ALJ"] and the hearing was held on November 16, 2010. (Doc. 5-3 at 27.) After the hearing, the ALJ found that, while Ms. Cooley was unable to perform any past relevant work, she was not disabled. (Doc. 5-3 at 20.) Therefore, on December. 14, 2010, the ALJ denied Ms. Cooley's request for a period of disability and DIB. (Doc. 5-3 at 9.) Plaintiff's request for review by the Appeals Council was denied on June 14, 2012. (Doc. 5-3 at 2.) The decision of the ALJ has therefore become the final decision of the Commissioner of Social Security. (*Id*.)

Following denial of review by the Appeals Council, plaintiff filed an appeal in this court, alleging the ALJ's decision was not based on substantial evidence and that improper legal standards were applied. (Doc. 1 at 1.) Plaintiff requests this court reverse the Commissioner's decision or, alternatively, remand the case for further consideration. (Doc. 10 at 14.)

## II. <u>STANDARD OF REVIEW</u>

In reviewing claims brought under the Social Security Act, this court's role is a narrow one, limited to determining whether the Commissioner's decision is supported by substantial evidence and whether the proper legal standards were applied. *Wilson v.*

*Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002); *see also Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983). The court gives deference to factual findings and closely scrutinizes questions of law. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991).

Factual findings, such as the credibility of witnesses and resolution of conflicting statements and testimony are determined by the Commissioner. *See Bloodsworth v. Heckler*, 703 F.2d 1233, 1242 (11th Cir. 1983). The court may not decide facts, reweigh evidence, or substitute its judgment for that of the Commissioner. *Id.* at 1239. However, "despite [this] deferential standard for the review of claims . . . [the] Court must scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Lamb*, 847 F.2d at 701 (citing *Bridges v. Bowen*, 815 F.2d 622, 623 (11th Cir. 1987)). Nonetheless, even if the evidence preponderates against the Commissioner's decision, this court must still affirm if the decision is supported by substantial evidence. *Bloodsworth*, 703 F.2d at 1239. Substantial evidence is defined as that which "a reasonable person would accept as adequate to support a conclusion." *Id.*

Conclusions of law made by the Commissioner are closely examined by the court. *Cornelius,* 936 F.2d at 1145. The Commissioner must provide the court with a sufficient basis for determining if the correct legal standards were applied. *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The burden is on the claimant to prove disability.[3] *Kirkland v.*

---

[3] "Disability" is defined as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment expected to result in death or which

*Weinberger*, 480 F.2d 46, 48 (5th Cir.), *cert. denied*, 414 U.S. 913 (1973). If a claimant proves that he is no longer able to perform his past work, then the burden shifts to the Commissioner to prove that the claimant is capable of engaging in some other type of substantial gainful employment. *Cannon v. Bowen*, 858 F.2d 1541, 1544 (11th Cir. 1988).

### III. DISCUSSION

#### A.    The Five-Step Evaluation Defined

The regulations require the Commissioner to follow a five-step sequential evaluation to determine whether a claimant is eligible for disability benefits. *See* 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. City of New York,* 476 U.S. 467, 470 (1986). The specific steps in the process are as follows:

(1)    The Commissioner must first determine whether the claimant is engaged in "substantial gainful activity".[4] *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If the

---

has lasted or is expected to last for a continuous period of not less than twelve (12) months. 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical or diagnostic techniques. *Id.* at § 423(d)(3).

[4] 20 C.F.R. § 404.1572 and § 416.972 define "substantial gainful activity":
(a) *Substantial work activity*. Substantial work activity is work activity that involves doing significant physical or mental activities. Your work may be substantial even if it is done on a part-time basis or if you do less, get paid less, or have less responsibility than when you worked before.
(b) *Gainful work activity*. Gainful work activity is work activity that you do for pay or profit. Work activity is gainful if it is the kind of work usually done for pay or profit, whether or not a profit is realized.
(c) *Some other activities*. Generally, we do not consider activities like taking care of yourself, household tasks, hobbies, therapy, school attendance, club activities, or social programs to be substantial gainful activity.

claimant is working and the work is substantial gainful activity, the Commissioner will find that the claimant is not disabled, regardless of the claimant's medical condition or his age, education, and work experience. 20 C.F.R. §§ 404.1520(b), 416.920(b). A claimant who is unable to work a full work day is not able to engage in substantial gainful activity. *Johnson v. Harris*, 612 F.2d 993, 998 (5th Cir. 1980).

  (2) If the claimant is not engaged in substantial gainful activity, the Commissioner must next determine whether the claimant suffers from a severe impairment or combination of impairments which significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c).[5] An impairment is severe if it renders the claimant unable to perform past work activities. *Flynn v. Heckler,* 768 F.2d 1273, 1274 (11th Cir. 1985). An impairment is not severe if it is a slight abnormality having a minimal effect on the individual's ability to work. *Brady v. Heckler,* 724 F.2d 914, 920 (11th Cir. 1984). A claimant may be found disabled based on a combination of impairments even though none of the individual impairments is disabling. *Walker v. Brown*, 826 F.2d 996, 1001 (11th Cir. 1985).

  (3) If the claimant has a severe impairment, the Commissioner must then determine whether the claimant's impairment meets the durational requirement and is equivalent to any one of the number of listed impairments that the Commissioner acknowledges are so severe

---

[5] The regulations provide: "if you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment and are, therefore, not disabled. We will not consider your age, education, and work experience." 20 C.F.R. §§ 404.1520(c), 416.920(c).

as to prevent the claimant from performing substantial gainful activity. *See* 20 C.F.R. pt. 404, Subpart P, Appendix 1. If the claimant's impairment meets or equals an impairment listed in the regulations, the Commissioner must find the claimant disabled, regardless of the claimant's age, education, and work experience. 20 C.F.R. §§404.1520(d), 416.920(d).

(4) If the impairment does not satisfy one of the listed impairments, the Commissioner must then review the claimant's residual functional capacity ["RFC"], along with the physical and mental demands of the claimant's prior work experience, to determine whether the claimant is capable of performing the kind of work performed in the past. If the claimant's RFC is sufficient to perform past relevant work, the Commissioner will not find the claimant disabled. 20 C.F.R. §§ 404.1520(e), 416.920(e). As with the first three elements, the claimant bears the burden of establishing that the impairment prevents him from performing past work. *Yuckert*, 482 U.S. at 146 n.5.

(5) Finally, if the claimant meets his burden and establishes the inability to do the kind of work he performed in the past, the burden shifts to the Commissioner to prove that the claimant is capable of performing any other work that exists in the national economy based on a review of the claimant's RFC, age, education, and work experience.[6] *Yuckert*, 482 U.S. at 146 n.4; *Chester v. Bowen* 792 F.2d 129, 131. If the claimant is not capable of performing any other jobs in the economy, then the Commissioner must find the claimant

---

[6] "[W]ork which exists in the national economy" is defined as "work which exists in significant numbers either in the region where such individual lives or in several regions of the country." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f).

### B.      The Five-Step Evaluation Applied

Applying the steps of the sequential evaluation, the ALJ found that plaintiff had not been engaged in substantial gainful activity from her alleged onset date of December 12, 2005, through her date last insured of December 31, 2008. (Doc. 5-3 at 14.) At step (2), the ALJ further found that plaintiff had the following severe impairments: status post bilateral carpal tunnel syndrome, mild bilateral carpal tunnel syndrome, obesity, and degenerative disc changes of the lumbar spine with disc herniation. (*Id.*) However, applying step (3), these impairments have not "met or medically equaled one of the listed impairments". (Doc. 5-3 at 16.) At step (4), the ALJ determined that plaintiff possessed the RFC to perform "light work".[7] (*Id.*) The plaintiff established that she was incapable of performing past relevant work. (Doc. 5-3 at 20.) Applying the final step, the ALJ determined that plaintiff was capable of performing other jobs that exist in the national economy including counter clerk, housekeeping/cleaner, and cafeteria attendant. (Doc. 5-3 at 21.) Thus, plaintiff was not under a disability as defined in the Social Security Act at any time from the alleged onset date through the date last insured. (Doc. 5-3 at 22.) Accordingly, the ALJ held that plaintiff is not entitled to a period of disability or DIB. (*Id.*) This court affirms the ALJ's decision.

---

[7] Light work is defined as "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b).

### C. Plaintiff's Contentions

Plaintiff contends that substantial evidence in the record does not support the ALJ's determination that she was not disabled. She claims that the record demonstrates that the pain she suffered from her impairments was so severe as to preclude her from participating in any substantial gainful activity. (Doc. 10 at 14.) Specifically, plaintiff argues she clearly did not possess the RFC to perform light work because of her severe back impairments that have continued to develop and claims her testimony is supported by the medical evidence in the record. (*Id.*) She also suggests Dr. Staner's back surgery recommendation in 2007 proves that she did in fact suffer from the severe pain she testified to in her hearing. (Doc. 10 at 11.) Additionally, plaintiff alleges that the ALJ improperly gave great weight to Dr. Powell's medical opinions and the physical therapist's functional capacity evaluation ["FCE"] because they were unfavorable and biased. (Doc. 10 at 6-7.) The court has reviewed the record and concludes that substantial evidence supports the ALJ's conclusion to discredit the plaintiff's subjective testimony, uphold the plaintiff's RFC determination, and find that the plaintiff was not disabled as defined in the Social Security Act between December 12, 2005, and December 31, 2008.

**1. Credibility determination of plaintiff's testimony**

Social Security Ruling ["SSR"] 96-7p explains the two step process set out in 20 C.F.R. § 404.1529 and § 416.929[8]: "First, the adjudicator must consider whether there is an

---

[8]Apparently the Eleventh Circuit considers the standard set out in the regulations and the standard in *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir.1991), as one and the same. *Wilson v.*

underlying medically determinable physical or mental impairment—i.e., an impairment(s) that can be shown by medically acceptable clinical and laboratory diagnostic techniques—that could reasonably be expected to produce the individual's pain or other symptoms." This determination does not consider the "intensity, persistence, or functionally limiting effects of the individual's symptoms." SSR 96-7p.

> If the ALJ finds that the plaintiff's case survives the first step, then
>
>> the adjudicator must evaluate the intensity, persistence, and limiting effects of the individual's symptoms to determine the extent to which the symptoms limit the individual's ability to do basic work activities. For this purpose, whenever the individual's statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the adjudicator must make a finding on the credibility of the individual's statements based on a consideration of the entire case record.

SSR 96-7p.

While it is true that the ALJ must listen to plaintiff's subjective testimony in determining the severity of her pain, the ALJ is not required to cover his or her eyes to the objective medical evidence. "In evaluating the intensity and persistence of your symptoms, including pain, we will consider *all* of the available evidence . . . ." 20 C.F.R. § 404.1529(a). When an ALJ finds that the objective medical evidence is inconsistent with a claimant's

---

*Barnhart*, 284 F.3d 1219, 1226 (11th Cir. 2002) ("Furthermore, the ALJ cites to 20 C.F.R.§ 404.1529, which contains the same language [as *Holt*] regarding the subjective pain testimony that this Court interpreted when initially establishing its three-part pain standard. In citing to § 404.1529 and based on the findings and discussion, it is clear that the ALJ applied this Circuit's pain standard [from *Holt*]."). Because SSR 96-7p offers an in-depth explanation of the regulations and is more recent than *Holt*, the court looks to it for guidance.

subjective testimony about the severity of her pain, the claimant's testimony has to do more work. It must outweigh the objective medical evidence. Regarding plaintiff's testimony, "[i]f the ALJ decides not to credit such testimony, he must articulate explicit and adequate reasons for doing so." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991).

The ALJ found evidence of an underlying medical condition that could reasonably be expected to give rise to the alleged pain. (Doc. 5-3 at 17.) However, the ALJ stated that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent that they are inconsistent with the above residual functional capacity assessment." (*Id*.) The plaintiff's claim that her pain prevented her from performing any substantial gainful activity from December 12, 2005, until December 31, 2008, is not supported by the record.

She testified that around the time of her onset date in December 2005, her daily pain would range from nine to ten. (Doc. 5-3 at 32.) However, plaintiff also admitted in her hearing that she began walking two miles a day with a friend around the time of her alleged onset date. (Doc. 5-3 at 46-47.) She stated that the last time she was able to walk two miles per day was around November 2007, but she was exercising three to four times a week intermittently in the summer of 2008. (*Id* at 47.) The allegations of severe, debilitating pain in plaintiff's hearing conflict with the physical activities she claims to have participated in around the same time

Plaintiff contends that Dr. Staner's surgical recommendation demonstrates her

10

suffering to the extent stated in her testimony. She suggests that "such a severe surgery would have never been recommended had [she] not experienced the severe painful complaints she testified about in her hearing." (Doc. 10 at 11.) The record indicates that Dr. Staner was not even sure that plaintiff suffered the alleged pain. On or about October 24, 2008, in a letter to plaintiff's referring physician, Dr. Staner noted that surgery might help plaintiff "*if* she truly has bilateral lumbosacral radicular pain as admitted to upon my rather forced questioning." (Doc. 5-8 at 87.)(emphasis in original). He also stated that the likelihood of a therapeutic procedure alleviating the plaintiff's symptoms was unknown and that he did not consider the plaintiff to be totally disabled. (*Id.*)

Dr. Staner further noted that plaintiff admitted to only having pain in her back and not her legs, which was contrary to her complaints on previous visits. (Doc. 5-8 at 86.) Although Dr. Staner diagnosed a herniated disc and other impairments in plaintiff's back, there is no objective evidence that she was incapable of performing light work. *See Carter v. Comm'r of Soc. Sec.*, 411 Fed. App'x 295, 299 (11th Cir. 2011) (discussing that mere diagnosis of a condition does not explain why a claimant is unable to perform substantial gainful activity). In light of the evidence in the record, the court does not find that Dr. Staner's suggestion of back surgery demonstrates that plaintiff's testimony on her disabling pain is credible.

Relying on treatment records and objective evidence, the ALJ concluded that plaintiff's underlying conditions were capable of giving rise to some pain and other limitations, but not to the extent described by the plaintiff. (Doc. 5-3 at 17-19.) None of

plaintiff's doctors during the course of her treatment for the relevant time period concluded that she was disabled or unable to perform substantial gainful activity. (Id.) After a careful review of the record, the court concludes that substantial evidence supports the ALJ's decision to not credit the plaintiff's testimony**.**

### 2. Weight given to the opinions of Dr. Powell and the physical therapist

Plaintiff's claim that her treating physician, Dr. Powell, "never really seemed to pay attention to [her] complaints and symptomotologoy [sic]" lacks merit. (Doc. 10 at 6.) On August 2, 2006, Dr. Powell made a report of plaintiff's office visit noting her past medical history, all of her physical symptoms, and an overall diagnosis. (Doc. 5-10 at 5.) He reviewed plaintiff's previous reaction to treatment and made a new plan to implement a steroid treatment to alleviate her pain. (*Id.*) He recorded her complaints of knee, back, and right shoulder pain while noting "she has had an eight month hiatus" from his office and there was "no grimacing" and "no signs of discomfort" from plaintiff. (*Id.*) On plaintiff's February 6, 2007, office visit, Dr. Powell recorded her complaints of back pain and performed a physical exam which revealed no new injuries or physical problems. (*Id* at 4.) Dr. Powell gave her samples of a new pain reliever and sought approval for another epidural injection in plaintiff's back after noting that her epidural injection in August 2006, "gave her good relief from her symptoms." (*Id.*) On June 5, 2007, Dr. Powell saw the plaintiff again and performed another physical exam which showed "no muscular atrophy or weakness". (*Id* at 3.) He decided to refer her to a spine surgeon after hearing her complaints of numbness in her left

leg and noticing a disk herniation stating "I'm not certain whether this is a surgical problem and therefore would ask another opinion." (*Id.*)

There is no evidence in the record that Dr. Powell ignored the plaintiff or refused to acknowledge her symptoms. He consistently recorded her complaints, evaluated her condition, and ordered treatment for her pain. Despite successfully treating plaintiff on several occasions, Dr. Powell referred her to a spinal surgeon when her complaints persisted to ensure all of her ailments could be addressed. (*Id.*) Having closely reviewed the medical records, the court has no reason to believe Dr. Powell was biased against the plaintiff or neglected her in any way.

The physical therapists's FCE assessment from Rehab Partners in Anniston, AL on August 8, 2006 is consistent with the other medical evidence in the record. The therapist determined that plaintiff was able to "work in *at least* the LIGHT Physical Demand Strength Level without intervention." (*Id* at 49.)(emphasis in original). This assessment supports the ALJ's RFC determination that plaintiff was able to perform light work during the time of her alleged disability. (Doc. 5-3 at 16.) The therapist noted that plaintiff "did not give a consistent effort" during the FCE and she "stopped the task before specific physical signs of a safe maximal effort were observed." (Doc. 5-10 at 49.) A similar observation was noted by Dr. Powell when plaintiff claimed to be experiencing marked pain but showed no physical signs of discomfort or grimacing and appeared to be "in no apparent distress". (*Id* at 5.) The plaintiff does not allege a specific reason the therapist would be biased against the plaintiff,

nor is there any indication that the FCE conflicts with the other physicians' medical observations in the record. (Doc. 10 at 7.)

The ALJ has a right to give greater weight to the opinions of the plaintiff's treating physician, and there is no reason for the ALJ to not accord Dr. Powell's determinations special significance. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (holding that absent good cause the Eleventh Circuit must give substantial weight to plaintiff's treating physician); *see also Jones v. Dept. of Health & Human Servs.*, 941 F.2d 1529, 1533 (establishing that good cause to not give significant weight to a treating physician's opinions exists when that physician's findings are conclusory in nature or are not supported by the objective medical evidence in the record). The ALJ considered the findings of all the physicians in the record in determining plaintiff had the residual functional capacity to perform light work with certain limitations. (Doc. 5-3 at 17-20.) The court finds that substantial evidence in the record corroborates the findings of Dr. Powell and the physical therapist and supports the ALJ's decision to rely on their opinions in determining whether plaintiff was disabled.

## IV. CONCLUSION

Based on the reasons stated above, this court is of the opinion that the Commissioner's decision is in accordance with the correct legal standards and is supported by substantial evidence. An Order affirming the decision of the Commissioner will be entered contemporaneously with this memorandum opinion.

**DONE** this 4th day of March, 2014.

_____
SHARON  LOVELACE  BLACKBURN
UNITED STATES DISTRICT JUDGE